IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOONE FUNERAL HOME, INC.,**                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.** 4:16-CV-180-DMB-JMV

**LAKEVIEW GARDENS, INC.,**
**JOHN ARTHUR MORTIMER II, AND**
**JOHN DOES 1-3**                          **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

**NOW COMES**, Boone Funeral Home, Inc., (Boone), by and through counsel, and submits this Complaint against Defendants Lakeview Gardens, Inc., (Lakeview), John Arthur Mortimer II (Mortimer), and John Does 1-3 and in support thereof would show the Court as follows:

**PARTIES**

1.    Plaintiff, Boone, is a duly organized and validly existing corporation formed under the laws of the State of Mississippi, having its principal place of business in Greenville, Washington County, Mississippi.

2.    Defendant Lakeview, is a duly organized and validly existing corporation formed under the laws of the State of Mississippi, having its principal place of business at 711 Highway 82 East, Greenville, MS 38701. Defendant Lakeview may be served with process upon its registered agent, Robert Mortimer, at 711 Highway 82 East, Greenville, MS 38702.

3.    Defendant Mortimer is President of Lakeview Gardens, Inc., who may be served with process at 711 Highway 82 East, Greenville, MS 38702.

4.  John Does 1-3 are additional officers or directors of Lakeview that are unknown to Plaintiff at this time.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1337, this being a civil action under 15 U.S.C.A. §§ 15 and 26 for damages and injunctive relief for violation of 15 U.S.C.A. § 1 (Sherman Act, § 1) and 15 U.S.C.A. § 14 (Clayton Act, § 3) . Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

## FACTS

### a.  Lakeview Memorial Gardens

4.  On or about January 1, 2014, Lakeview Gardens, Inc., instituted enforcement of RULE 3-N of the Rules and Regulations of Lakeview Gardens, Inc., at its cemetery, Lakeview Memorial Gardens, which required in all internments (i) only Lakeview Memorial Gardens equipment be used, for varying fees, and (ii) an outer burial container inspection fee if the outer burial container is not purchased through the cemetery. **Exhibit A**, Lakeview Gardens, Inc., Notice Letter, dated December 27, 2013.

### b.  Greenlawn Memorial Gardens

5.  On or about May 23, 2016, Lakeview Gardens, Inc., acquired sole ownership of Greenlawn Memorial Gardens. **Exhibit B**, Quitclaim Deed.

6.  On or about May 23, 2016, Lakeview instituted new internment regulations for the newly acquired Greenlawn Memorial Gardens (Greenlawn), requiring an outer burial container inspection and handling fee, and, "all internments will be done by Greenlawn," including "graveside set-ups, setting of bronze memorials/headstones/benches" **Exhibit C**,

Greenlawn Interment Regulations.

7. Prior to Lakeview's acquisition of Greenlawn, Greenlawn's owner sold cemetery lots to members of the general public. The purchasers of those lots were not required to purchase all internment services, including inspection fees, graveside set ups, and memorial setting from Greenlawn's owner.

8. Boone has previously demanded Lakeview Gardens Inc., cease the complained of practice instituted at Greenlawn. Despite Boone's demand, Lakeview has failed to terminate its unlawful product tying. **Exhibit D**, Letter to Lakeview's Attorney, dated June 16, 2016.

## COUNT ONE

9. Lakeview is engaged in an unlawful tying arrangement, in direct violation of 15 U.S.C.A §§ 1, 14.

10. Boone is engaged in the business of selling and providing funeral goods and services, including internment services.

11. Lakeview is in the business of supplying and selling burial plots to members of the general public in its Washington County cemeteries, Lakeview Memorial Gardens and Greenlawn Memorial Gardens.

12. Lakeview, is selling burial plots at both cemeteries with the condition that all internment services and/or equipment used also be purchased or rented and performed through Lakeview, including both an outer burial container inspection fee for containers not purchased through the cemetery and a memorial installation fee.

13. Lakeview is also requiring that consumers who purchased burial plots at Greenlawn prior to Lakeview's ownership of Greenlawn purchase the internment services and

products from Lakeview.

14. Lakeview's business practices as forth in the preceding paragraphs are an unlawful tying arrangement as purchasers and consumers are required to purchase internment services, the tied product, when they purchase a burial plot, the tying product.

15. Burial plots and internment services are separate and distinct products.

16. Lakeview at both cemeteries, will only sell burial plots if the consumer also purchases internment services, including the outer container inspection, memorial installation fee from Lakeview.

17. Lakeview has previously sold and plans to sell burial plots and require or otherwise coerce buyers to also purchase internment services for the burial plot from Lakeview.

18. Lakeview has sufficient economic power in the burial plot market to coerce at least some consumers into purchasing internment services, including monument installation services from Lakeview, rather than a competitor funeral home; and

19. The tying arrangement has restrained competition for a substantial amount of sales, in terms of total dollar volume of internment services.

20. Consumers are restrained from exercising free choice in choosing who provides internment services and memorial installations, and buyers of burial plots which were purchased prior to the new regulations are now required to also purchase internment services, including memorial installations from the cemetery in addition to the previously purchased plots.

21. Boone has suffered harm as a direct result of the tying arrangement instituted by Lakeview in both of its cemeteries, Lakeview Memorial Gardens and Greenlawn Memorial Gardens.

F:\USERS\12\WP\Boone.Antitrust.Complaint2.wpd

4 of 6

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Boone prays for the following relief against Defendant Lakeview, Defendant Mortimer, and Defendants John Does 1-3:

A. A preliminary and permanent injunction, enjoining Defendants Lakeview, Mortimer, and John Does 1-3 from continuing the unlawful practice described above;

B. Damages in excess of an amount not yet determined, which sum is to be trebled;

C. Attorneys' fees and expenses, in accordance with § 4 of the Clayton Act (15 U.S.C.A. § 15);

D. A declaration that the internment regulations instituted by Lakeview violate § 1 of the Sherman Act (15 U.S.C.A. § 1) and § 3 of the Clayton Act (15 U.S.C.A. § 14) and are unenforceable;

E. Any other relief that this Court deems just and equitable; and

F. Plaintiff demands trial by jury.

Respectfully Submitted,
**BOONE FUNERAL HOME, INC.,
PLAINTIFF**

By: */s/ Robert N. Warrington*
**Robert N. Warrington, MSB No. 6972
P. Scott Phillips, MSB No. 4168
G. Weathers Virden, Jr. MSB No. 105200
Counsel for Plaintiff**

**Robert N. Warrington, MSB No. 6972
P. Scott Phillips, MSB No. 4168
G. Weathers Virden, Jr., MSB No. 105200
CAMPBELL DELONG, LLP**

923 Washington Avenue
Post Office Box 1856
Greenville, MS 38702-1856
Telephone: (662)-335-6011
Facsimile: (662)-334-6407
Email: rwarrington@campbelldelongllp.com