IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOONE FUNERAL HOME, INC.                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 4 : 16cv180 - DMB - SAA

LAKEVIEW GARDENS, INC.,
JOHN ARTHUR MORTIMER II, AND
JOHN DOES 1-3                                                               DEFENDANTS

---

RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S CLAIMS AGAINST DEFENDANTS
LAKEVIEW GARDENS, INC. AND JOHN ARTHUR MORTIMER II

---

COME NOW, Defendants Lakeview Gardens, Inc. ("Lakeview") and John Arthur Mortimer II ("Mortimer"), and file this, their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof would show unto the Court as follows, to-wit:

1.  Plaintiff filed suit herein for claims arising out of the business practices, and rules and regulations, of the Defendant, Mortimer's, privately owned cemetery business, Lakeview.

2.  Plaintiff's claims are brought under 15 U.S.C.A. §§ 15 and 26 "for damages and injunctive relief for violation of 15 U.S.C.A. § 1 (Sherman Act, § 1) and 15 U.S.C.A. § 14 (Clayton Act, § 3)." (*See* Complaint, ¶ 3 [ECF No. 01]). Plaintiff's specifically allege that Defendant, Lakeview, is "engaged in an unlawful tying arrangement, in direct violation of 15 U.S.C.A. §§ 1, 14." (*See* Complaint, ¶ 9 [ECF No. 01]).

3.  All of Plaintiff's claims against Defendants, Lakeview and Mortimer, must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's vaguely-pled Complaint fails to allege sufficient facts necessary to meet the requirements for a finding that an illegal tying arrangement exists as a result of the practices, rules and/or regulations of their business.

4.     Based upon the facts and authorities contained in the Defendants' Motion to Dismiss and supporting Memorandum Brief, which is incorporated herein, Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendants, Lakeview and Mortimer, respectfully move this Court to dismiss all claims against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), with all costs assessed against the Plaintiff, and for any and all other just and proper relief in the premises.

RESPECTFULLY SUBMITTED, this the 22 day of September, 2016.

                LAKEVIEW MEMORIAL GARDENS, INC.,
                and JOHN ARTHUR MORTIMER, II

            By: /s/ M. Austin Frye
                M. Austin Frye, Attorney for Defendants

OF COUNSEL:

W. Noel Harris, MSB 2009
M. Austin Frye, MSB 104257
HARRIS LAW FIRM, PLLC
225 S. Washington Ave.
Post Office Box 266
Greenville, MS 38702
Tel. (662) 335-4171
Fax (662) 335-4936
nh@harrislawfirm.com
af@harrislawfirm.com

CERTIFICATE OF SERVICE

I, M. Austin Frye, of the Harris Law Firm, PLLC, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing *Rule 12(b)(6) Motion to Dismiss Plaintiff's Claims Against Defendants Lakeview Gardens, Inc. and John Arthur Mortimer, II* with the Clerk of this Court using the ECF system, which sent notification of such filing to all counsel of record:

Robert S. Warrington, Esq.
P. Scott Phillips, Esq.
G. Weathers Virden, Esq.
CAMPBELL DELONG, LLP
Post Office Box 1856
Greenville, MS 38702-1856

SO CERTIFIED, this the 22 day of September, 2016.

/s/ M. Austin Frye
M. Austin Frye